

2775 Harbor Ave. SW | 3rd Floor, Suite C | Seattle, WA 98126 | 206.574.6661 | 206.575.1397 Fax

February 8, 2021

Ms. Molly C. Dwyer, Clerk
U.S. Court of Appeals
Ninth Circuit
PO Box 193939
San Francisco, CA 94119-3939

In re: *Michael Moi v. Chihuly Studio, Inc., et al.*
   Ninth Circuit Cause No. 19-35852
   FRAP 28(j)

Dear Clerk Dwyer:

   On behalf of appellant Michael Moi, the undersigned wishes to provide the Court certain additional authorities pursuant to Fed. R. App. Pro. 28(j).

   With regard to the application of the statute of limitations for Copyright Act actions, the Sixth Circuit in *Everly v. Everly*, 958 F.3d 442 (6th Cir. 2020) has made clear that repudiation is the basis for accrual of a claim and that repudiation is a question of fact.

   As for Moi's promissory estoppel claim, Washington law liberally treats the existence of a promise in contract formation. Just as in *Howard,* cited by Moi in his briefing, Washington courts enforce contracts with indefinite terms as to amount (output contracts), RCW 62A.2-306, and indefinite price terms (open price), RCW 62A.2-305. A promise of continued civil service job protection was enforceable in *Corey v. Pierce County*, 154 Wn. App. 752, 225 P.3d 367, *review denied*, 170 Wn.2d 1010 (2010). Chihuly's promise to Moi was not too indefinite to enforce.

A fee award under the Act may be unreasonable as to its amount, particularly where plaintiff's relative financial strength is weaker than corporate defendant. *Johnson v. Storix, Inc.*, 716 Fed. Appx. 628 (9th Cir. 2017).

Respectfully submitted,

/s/ Philip A. Talmadge
Philip A. Talmadge